**DENTONS**

**Andrew M. Grodin**
Senior Managing Associate

andrew.grodin@dentons.com
D  +1 973 912 7170

Dentons US LLP
101 JFK Parkway
Short Hills, NJ 07078-2708 USA

T  +1 973 912 7100
F  +1 973 912 7199

Salans FMC SNR Denton
dentons.com

January 26, 2015

**Via ECF and US Mail**

Hon. Lois H. Goodman, U.S. M. J.
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street
Trenton, NJ 08608

Re:   Synchronoss Technologies, Inc., v. F-Secure, Corporation *et al*.; 3:14-cv-06220-MLC-LHG

Dear Judge Goodman:

We represent Plaintiff Synchronoss Technologies, Inc. ("Synchronoss") in the above-referenced matter. Plaintiff requests a 90-day enlargement of the time period of 120 days provided for in Fed. R. Civ. Pro. 4(m) for service of the Complaint on the Defendants in this case.

BACKGROUND

Plaintiff, the owner of several patents with respect to data synchronization, filed the present action on October 7, 2014.  Since filing the case, Plaintiff contacted Defendants F-Secure Corporation and F-Secure, Inc. ("F-Secure") and provided them with courtesy copies of the complaint in an effort to resolve the matter without involvement of the Court.

Since that time, Plaintiff and Defendants have been diligently negotiating to resolve the matter.  At this time, a final agreement has not been reached.  However, the parties are continuing to negotiate.

THE 120 DAY PERIOD FOR SERVICE

Federal Rules of Civil Procedure, Rule 4 (m) provides:

> If a defendant is not served within 120 days after the complaint is filed, the court . . . must dismiss the action without prejudice . . . But if the plaintiff shows good cause for failure, the court must extend the time.. . .

Fed. R. Civ. P 6(b)(1) provides: "When an act may be or must be done within a specified time, the court may, for good cause, extend the time: With or without motion or notice"

In the present case, the Complaint in this action was filed on October 7, 2014.  The original 120-day period for service provided by Rule 4(m) is set to expire on February 4, 2015.  Accordingly the present request for enlargement is timely made prior to the expiration of the 120 days period.  Additionally, while Defendants have not appeared, it is Plaintiff's understanding that Defendants would not object to such an extension.

Here, the parties have been undertaking negotiations in good faith and hope to resolve this matter in the near future without the Court's involvement.  No useful purpose would be served by dismissal.  Dismissal would simply require starting the process over again when it might not even be necessary.

CONCLUSION

For the reasons stated above, Plaintiff respectfully submits that its motion for 90-day enlargement period for service of process provided for in Fed. R. Civ. Pro. 4 (m), or such other time as is necessary for the Plaintiff to complete service of process on the Defendant, should be granted.

Respectfully,

s/ Andrew Grodin

Andrew M. Grodin
Dentons US LLP
101 JFK Parkway
Short Hills, NJ 07078
Tel.: (973) 912-7100
andrew.grodin@dentons.com

**IT IS SO ORDERED** that the period under Fed. R. Civ. P. rule 4(m) to serve the Defendant be extended for a period of 90 days from February 4, 2015.

Date: _____, 2015      _____

Hon. Lois H. Goodman, U.S.M.J

83734142